```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

GORDON MILES DOUGLAS,

                Plaintiff,

vs.                                     Case No.  2:04-cv-545-FtM-33DNF

COLLIER CO. FLORIDA,    a political subdivison,

                Defendant.
_____/

**ORDER**

This matter comes before the Court on Motion to Dismiss Complaint (Doc. #14) filed on January 10, 2005 by Defendant Collier County. Plaintiff Gordon Douglas filed a Response in Opposition (Doc. #20) on February 2, 2005. The Court has reviewed the motion to dismiss and for the reasons stated herein finds that dismissal without prejudice is warranted.

**I.   STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true and views them in the light most favorable to the non-moving party. See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 75 Acres, LLC v. v.

Miami-Dade County, Fla., (11th Cir. 2003)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47.  All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The statement must be sufficient to afford the defendant "fair notice of what the claim is and the grounds upon which it rests." United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003)(quoting Conley, 355 U.S. at 47).  Thus, the issue in a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail on his or her claims, but rather, whether the allegations contained in the complaint will be sufficient to allow discovery as to their proof. Jackam v. Hosp. Corp

Motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may attack jurisdiction facially or factually.  Morrison v. Amway Corp., 323 F.3d 920, 924, n.5 (11th Cir. 2003).  Where the jurisdictional attack is based on the face of the pleadings, the court merely looks to see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the plaintiff's complaint are taken as true for purposes of the motion.  Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

**II. BACKGROUND**

The Complaint (Doc. #1) sets forth the following pertinent facts, which are assumed to be true for the purpose of deciding this motion. On March 17, 2003, Douglas was hired as a Property Acquisition Specialist for Collier County. (Doc. #1 at ¶7.) Douglas received two positive performance appraisal recommendations from his supervisor, Kevin Hendricks. (Doc. #1 at ¶¶8 and 9.) Hendricks noted in the October 13, 2003 performance appraisal that "[Douglas] is intelligent and articulate and excels at negotiations." (Doc. #1 at ¶9.)

In November 2003, Douglas announced he was running for Collier County Commissioner against Commissioner Tom Henning. (Doc. #1 at ¶11.) Gregg Strakluse, Douglas' second-line supervisor, refused to concur with Hendricks' October 13, 2003 performance appraisal after learning of Douglas' candidacy. On December 13, 2003 Douglas was given a performance appraisal with a rating of "needs improvement." (Doc. #1 at ¶¶11 and 13.)

Despite being told he was allowed to wear a campaign button during work hours by Mr. Carpenter of the Supervisor of Elections office, Douglas was chastised by Collier County managers for wearing a campaign button during work hours. (Doc. #1 at ¶¶14 and 15.) In addition, Collier County, acting through its managers and officials prevented Douglas from using Fedex delivery. (Doc. #1 at ¶16.) In the past, Douglas and other employees had used Fedex

delivery for personal use at their own expense for non-campaign activities.  Douglas complained about the recision of the policy to Commissioner Henning.  (Doc. #1 at ¶16.)  Henning responded in an email stating, "The Board of Commissioners is the Author of the County's Ethical Ordinance and all applies to the Board. I encourage you to review the Ethics Ordinance.  Welcome to Collier County Government."  (Doc. #1 at ¶16.)  Douglas resigned on January 8, 2004 under threat of termination.  (Doc. #1 at ¶17.)[1]  Douglas filed a Complaint (Doc. #1) alleging that Collier County acted in a discriminatory manner towards him in violation of 42 U.S.C. § 1983.

Collier County raises four issues in its Motion to Dismiss (Doc. #14).  First, the Complaint (Doc. #1) fails to allege sufficient facts for subject matter jurisdiction (Doc. #14 at ¶16); next, that the Complaint (Doc. #1) fails to state a claim upon which relief can be granted (Doc. #14 at ¶2); third, the Complaint (Doc. #1) fails to allege sufficient facts to sustain an action pursuant to 42 U.S.C. § 1983 (Doc. #14 at ¶3); and finally, the Complaint (Doc. #1) fails to allege a violation of a Constitutional or statutory right.  (Doc. #14 at ¶4.)

---

[1]It is unclear from the Complaint (Doc. #1) whether Douglas resigned under threat of termination or was terminated outright. Douglas alleges both that he resigned under threat of termination (Doc. #1 at ¶17) and that he was terminated at the behest of Gregg Strakaluse, other Collier County managers or officials, and Commissioner Henning.  (Doc. #1 at ¶¶20 and 21.)

**III. ANALYSIS**

*A. Jurisdiction*

Pursuant to 28 U.S.C. § 1331, federal courts have subject matter jurisdiction over federal questions, that is, claims arising under the laws of the United States or an Act of Congress regulating commerce. "An action 'arises under' federal law when it is apparent from the face of the plaintiff's complaint that the plaintiff's cause of action is itself created by federal law." Harris v. McDonald's Corp., 901 F. Supp. 1552, 1555 (M.D. Fla. 1995). Douglas claims federal question jurisdiction on the face of his complaint based on allegations of deprivation of his First and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983. Since the claims are raised under federal law, this Court has jurisdiction.

*B.  42 U.S.C. § 1983*

Douglas alleges that Collier County violated his rights under the First and Fourteenth Amendments to the United States Constitution when Collier County prevented Douglas from using Fedex delivery services at work at his own expense and instructed him not to wear his campaign button during working hours.  This resulted in Douglas' resignation under threat of termination or outright termination.  To bring a claim under 42 U.S.C. § 1983, Douglas must show that Collier County deprived him of his rights guaranteed by the Constitution or laws of the United States under color of the

law.  <u>Loren v. Sasser</u>, 309 F.3d 1296, 1303 (11th Cir. 2002), <u>cert. denied</u>, 538 U.S. 1057 (2003).

Section 1983 cases are subject to a heightened pleading standard requiring the plaintiff to articulate specific facts which set out the claim.  <u>Dalrymple v. Reno</u>, 334 F.3d 991, 996; (citing <u>GJR Invs., Inc. v. County of Escambia</u>, 132 F.3d 1359, 1367 (11th Cir. 1998)).  A causal connection between the alleged conduct of defendant and the constitutional deprivation must be established by the moving party.  <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1059 (11th Cir. 2001) (en banc).  "A local government body . . . is liable under § 1983 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'"  <u>Cuesta v. Sch. Bd. of Miami-Dade County, Fla.</u>, 285 F.3d 962, 966 (11th Cir. 2002) (citing <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 694 (1978)).  A custom or policy may also be established if the official making the decision has final policy making authority with respect to the decision.  <u>Id.</u> at 968.

In this case, Douglas cannot show any Constitutional or other right that Collier County violated by preventing Douglas from using Fedex delivery.  Douglas contends that prior to announcing his candidacy, employees were allowed to use Fedex delivery at work provided that they personally paid for the costs.  Douglas is apparently making a Due Process deprivation argument pursuant to the Fourteenth Amendment whereby he argues that other employees were allowed to use Fedex delivery at work, but he was not.

However, Douglas states that the policy allowing employees to use Fedex delivery was rescinded.  Thus, all employees, not just Douglas, were prevented from using Fedex delivery.  There was no disparate treatment substantiating a Due Process violation.

Next, Douglas claims his First Amendment right to free speech was violated when county managers chastised him for wearing a campaign button at work despite being instructed by the Supervisor of Elections office that it was acceptable to do.  According to Douglas, this resulted in his termination or resignation.  "It is clearly established that a State may not discharge an employee on a basis that infringes that employee's constitutionally protected interest in freedom of speech."  Rankin v. McPherson, 483 U.S. 378, 383 (1987).

In the Complaint (Doc. #1, ¶17), Douglas states that he resigned under threat of termination.  However, at paragraphs 20 and 21 of the Complaint (Doc. #1), Douglas states that he was terminated at the behest of Gregg Strakaluse, other Collier County managers or officials, and Commissioner Henning.  While termination due to exercise of First Amendment rights may be actionable as a deprivation of rights under color of law in violation of 42 U.S.C. § 1983, the Complaint (Doc. #1) does not clearly state whether Douglas was terminated or resigned.  Unsupported conclusions of law will not prevent a Rule 12(b)(6) dismissal.  Marsh, 268 F.3d at 1036 n. 16.  Since Douglas cannot show how that he was deprived of his First and Fourteenth Amendment Right under color of law, he

fails to bring a valid claim under 42 U.S.C. § 1983.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. Defendant Collier County's Motion to Dismiss Complaint is **GRANTED**. Defendant's request for oral argument on this matter is **DENIED**.

2. The Complaint (Doc. #1) is hereby dismissed without prejudice. Douglas is granted leave to file an Amended Complaint within TWENTY DAYS of the date of this Order.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 17th day of August, 2005.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record